IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MELISSA MILLER,

            Plaintiff,                            OPINION AND ORDER

    v.

                                                  14-cv-116-slc

INTERSTATE AUTO GROUP, INC. (WI)
d/b/a CARHOP,

            Defendant.

---

Before the court is plaintiff's motion to dismiss defendant's state law counterclaim for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. 5. For reasons stated below, I am granting the motion.[1]

OPINION

On or about May 6, 2013, plaintiff Melissa Miller entered into a sales contract with defendant, Interstate Auto Group, Inc., d/b/a Carhop, for the purchase of a 2001 Chevrolet Impala. To make installment payments under the contract, plaintiff authorized defendant to make weekly electronic funds transfers from her checking account in the amount of $94. Plaintiff has sued defendant pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. §§ 1693-1693r, alleging that the EFT authorization form that she signed contained a provision that violates some of the Act's disclosure requirements. Dkt. 1. In particular, plaintiff contends that defendant violated §§ 1693e(a) and 1693l of the Act and Regulation E by requiring her to provide five days' notice to defendant to cancel or stop payment of a preauthorized electronic fund transfer, whereas the statute demands only three days' notice. Defendant has filed a

---

[1] Also pending is defendant's motion to strike plaintiff's reply brief as untimely. Dkt. 12. I will deny this motion because plaintiff has shown good cause for the brief delay and defendant has identified no resulting prejudice.

counterclaim for breach of contract, alleging that plaintiff failed to make the payments as required under the sales contract and that she still owes defendant $9,213.60. Dkt. 4.

This court has jurisdiction over plaintiff's EFTA claim pursuant to federal question jurisdiction under 28 U.S.C. § 1331. Defendant's counterclaim, however, arises under state law. In determining whether jurisdiction exists over counterclaims, the majority of courts decide first whether the counterclaim is permissive or compulsory within the definition of Rule 13. Wright, Miller & Kane, *Federal Practice & Procedure*, § 1414, at 116–17 (2010); *e.g., Markbreiter v. Barry L. Feinberg, M.D., P.C.*, 2010 WL 334887, *1–2 (S.D.N.Y. Jan.29, 2010); *Goings v. Advanced Systems, Inc. v. Suncoast*, 2008 WL 4195889, *2–3 (M.D. Fla. Sept.12, 2008); *Williams v. Long*, 558 F. Supp. 2d 601, 603 (D. Md. 2008). If the counterclaim is compulsory under Rule 13, then most courts conclude that the counterclaim falls under the purview of the supplemental jurisdiction statute, 28 U.S.C. § 1367, and that they should exercise jurisdiction over it because the counterclaim-plaintiff may otherwise lose the opportunity to be heard on that claim. *Baker v. Gold Seal Liquors*, 417 U.S. 467, 469 n. 1 (1974); *see also Zambrana v. Geminis Envios Corp.*, 2008 WL 2397624, *3, n. 2. (S.D. Fla. June 10, 2008). However, if the counterclaim is permissive, then it does not fall within the scope of supplemental jurisdiction and must have an independent basis for jurisdiction. Wright, Miller & Kane, § 1422, at 202; *e.g., Cortes v. Distribuidora Monterrey Corp.*, 2008 WL 5203719, *1–2 (N.D. Tex. Dec.11, 2008) (citing *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1359–60 (5th Cir. 1979)).

That said, the Court of Appeals for the Seventh Circuit has instructed district courts to apply 28 U.S.C. § 1367 to determine whether they have jurisdiction over counterclaims, regardless whether the counterclaims are compulsory or permissive. *Channell v. Citicorp National*

*Services, Inc.*, 89 F.3d 379, 384–86 (7th Cir. 1996); *Rothman v. Emory University,* 123 F.3d 446, 454 (7th Cir. 1997); *Leipzig v. AIG Life Insurance Co.*, 362 F.3d 406, 410 (7th Cir. 2004) (dictum); *Spaulding Moving & Storage, Inc. v. National Forwarding Co., Inc.*, 2008 WL 781929, *2 (N.D. Ill. Mar. 20, 2008).[2] 28 U.S.C. § 1367(a), enacted in 1990, provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Section 1367(a)'s requirement that the counterclaim be so related to the original complaint that they form the same case or controversy may be satisfied even by a "loose factual connection between the claims," so long as the complaint and counterclaim derive from the same common nucleus of operative facts. *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (quoting *Wisconsin v. Ho–Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008)). *See also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) ("Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction.").

Following this approach, I am satisfied that defendant's counterclaim for collection of the balance remaining on plaintiff's car loan bears a sufficient factual connection to plaintiff's EFTA claim so as to fall within § 1367(a)'s grant of supplemental jurisdiction. Both claims, although

---

[2] In *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648 (7th Cir. 2000), the court used language that appears to follow the compulsory-versus-permissive analysis used by most courts, *id.* at 651 ("As a permissive counterclaim, [defendant's counterclaim] is outside the supplemental jurisdiction . . . "), but this case is an outlier. *Channell*, 89 F.3d 379, which is cited more frequently (and also was also written by Judge Easterbrook) contains a more thorough discussion of the issue and expressly rejects using the distinction between permissive and compulsory counterclaims as a basis for defining the court's jurisdiction over such claims. *Id.* at 385.

based on separate documents, derive from the same nucleus of facts: plaintiff's agreement to purchase a used car from defendant. Both claims relate to the same debt. Plaintiff's claim concerns the mechanism of payment, while defendant's counterclaim concerns whether payments were made and the remedies available for nonpayment. This is enough of a "loose connection" to satisfy § 1367(a)'s "same case or controversy" requirement. *Accord Mostin v. GL Recovery, LLC*, 2010 WL 668808, *3 (C.D. Cal. Feb. 19, 2010) (finding supplemental jurisdiction exists over defendant's counterclaim for debt underlying Fair Debt Collection Act claim); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1070 (E. D. Cal. 2005) (same); *Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1168-69 (N.D. Ca. 2005) (same).

Having determined that this court has supplemental jurisdiction over the counterclaim, now I must determine whether the court should exercise it. Under § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *Channell*, 89 F.3d at 386; *see also* Wright, Miller & Kane, *Federal Practice & Procedure*, vol. 6, ch. 4, § 1414, at 118–19 (2010) ("under the supplemental-jurisdiction statute the court has discretion to decline jurisdiction in certain circumstances, such as if the counterclaim substantially predominates over the main claim.").

Plaintiff does not contend that the counterclaim raises a novel or complex issue of state law and this court has not dismissed her EFTA claim. Thus, the only two provisions that could apply are § 1367(c)(2) and the catch-all, "other exceptional" circumstances provision. With

respect to subsection (2), plaintiff argues that the debt collection action will substantially predominate over the EFTA claim because it could raise the "full range" of state law contract issues, including the validity of the alleged contract, the sufficiency of defendant's evidence regarding damages and various potential defenses. In contrast to this fact-intensive inquiry, argues plaintiff, her EFTA claim involves nothing more than glossing the statute and applying it to the electronic funds transfer authorization form attached to the complaint to determine whether the form complies with the Act (assuming the Act applies). Defendant responds that plaintiff is overstating the complexity of the debt collection action and that resolving defendant's claim will be no more difficult than plaintiff's EFTA claim.

Although neither claim is particularly complex, I agree with plaintiff that defendant's state law counterclaim for breach of contract would substantially predominate over plaintiff's claim. Defendant's breach of contract claim really is much more fact-intensive and it is likely to involve more disputed issues than plaintiff's claim, which is based on an alleged statutory violation of the disclosure provisions of a federal consumer protection statute. After the initial determination whether the EFTA applies and what it requires, the only question in plaintiff's case appears to be whether defendant complied with the Act. Defendant's case, on the other hand, involves an entirely separate—and much larger—set of issues than plaintiff's. Deciding defendant's claim will require the court or jury to address potential common law defenses and proof of damages, and it could require potentially cumbersome, ongoing post-judgment enforcement by the court. All of these are issues with which the state courts are intimately familiar and better equipped to handle.

Accordingly, because defendant's counterclaim will substantially predominate over plaintiff's, I decline to exercise jurisdiction over it pursuant to § 1367(a)(2). In light of this conclusion, it is unnecessary to consider whether there are additional policy considerations that would warrant declining jurisdiction under the "other compelling circumstances" provision.

ORDER

IT IS ORDERED that plaintiff's motion to dismiss defendant's counterclaim, dkt. 5, is GRANTED. Defendant's motion to strike plaintiff's reply brief, dkt. 12, is DENIED.

Entered this 9th day of September, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge